CHESTER ALAN BLEVINS           )  C/A 01A01-9712-CH-00738
                               )  MAURY COUNTY
        Plaintiff-Appellee     )  Chancery No. 97-312
                               )
        v.                     )
                               )
JOANELLE KAY BLEVINS and POLK  )
MEMORIAL GARDENS INC., a       )
Tennessee Corporation          )
                               )
        Defendants-Appellants  )

FILED

**March 29, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**


**IN THE COURT OF APPEALS AT NASHVILLE**


APPEALED FROM THE CHANCERY COURT OF MAURY COUNTY AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT L. JONES, JUDGE


ALFRED H. KNIGHT
WILLIS & KNIGHT
215 Second Avenue, North
Nashville, TN 37201

        Attorney for Joanelle Kay Blevins

JAMES G. MARTIN, III
STEPHEN H. PRICE
FARRIS, WARFIELD & KANADAY, PLC
424 Church Street, Suite 1900
Nashville, TN 37219

JAMES T. DUBOIS
DUBOIS & DUBOIS, P.C.
810 South Garden Street
P. O. Box 339
Columbia, TN 38402-0339

        Attorneys for Chester Alan Blevins


                    VACATED AND REMANDED

                        **Houston M. Goddard, Presiding Judge**

CONCUR:

McMURRAY, J. (Not Participating)
LEWIS, Sp.J.

O P I N I O N

This suit had its origin in a divorce decree rendered in the case of Chester Alan Blevins and Joanelle Kay Blevins, entered some two years before the present complaint was filed. The present complaint was one by Mr. Blevins against Mrs. Blevins and Polk Memorial Gardens, Inc., a corporation in which each party owns 50 percent of the stock. He alleged various problems regarding the memorial gardens attributed to Mrs. Blevins and seeks, among other things, that a receiver be appointed to effect the dissolution of the corporation, damages, and a restraining order.

Mrs. Blevins duly answered the complaint and also filed a counter-complaint seeking certain relief against Mr. Blevins.

On August 7, 1997, just prior to taking discovery depositions, the parties, through counsel, reached an agreement relative to the memorial garden stock, as well as various other properties owned by the parties. Their agreement was memorialized by an agreed order which was inadvertently entered but under its terms was not to be entered until the "conclusion of the settlement"

2

<u>AGREED ORDER OF SETTLEMENT</u>

It appears to the Court, from the signatures of counsel for the respective parties hereto, that all matters in controversy between these parties have been compromised and settled as more particularly set forth hereinafter. Said settlement is as follows:

1.  On or before September 15, 1997, Defendant, Joanelle Kay Blevins, hereinafter Mrs. Blevins, will advise Plaintiff, Chester Alan Blevins, hereinafter Mr. Blevins, an amount of money payable in cash at closing that she will:

(a) either sell her interest or buy his interest in all of the stock in Williams Funeral Homes, Inc., and in Polk Memorial Gardens, Inc., and in the real estate owned by the parties in Mt. Pleasant, Tennessee, upon which the Williams Funeral Home building in Mt. Pleasant is located, and in the option on the real estate in Columbia, Tennessee, upon which the Williams Funeral Home Building is located, or

(b) either buy his interest or sell her interest in all of the stock in Polk Memorial Gardens, Inc.

2.  Mr. Blevins shall have until October 15, 1997, to advise Mrs. Blevins if he will purchase from or sell to Mrs. Blevins the respective assets described above at the price offered by Mrs. Blevins. The closing of the transaction shall occur no later than November 15, 1997.

3.  In the event Mrs. Blevins fails to make said offer by the time set forth above, the parties agree to enter into an agreement for an absolute public auction to sell all assets of Polk Memorial Gardens, Inc., no later than November 15, 1997, pay all debts and divide the net proceeds between the parties equally. In the event this latter option is chosen by Mrs. Blevins, she will advise Mr. Blevins no later than September 15, 1997, the name of three auction companies in Maury County, Tennessee, which would be agreeable to her to handle the public auction of the properties. Mr. Blevins shall have the option of choosing one of the auction companies from the list to conduct the auction.

4.  During the interim period of time, both parties shall have access to all financial and other records they, or their attorney, deem necessary upon

any reasonable notice and at any reasonable time to the other party. The certified public accountant for both companies, will be advised that he is free to discuss any financial matter with either party, including all the records of both Williams Funeral Home, Inc., and Polk Memorial Gardens, Inc.

5. This Order shall be entered at the conclusion of the settlement set forth above, and this cause shall be dismissed at that time with costs adjudged against the parties equally.

Subsequent to the execution of this agreement Mrs. Blevins made an offer to purchase various jointly-owned assets which, as to the cash consideration, was as follows: (See Appendix A for entire text of Mrs. Blevins offer):

1. <u>Cash Consideration</u>: Buyer will pay to the Company in exchange for the Shares and the Additional Assets of Williams Funeral Home, Inc., free and clear of liens and encumbrances, the sum of $2,100,000.00, payable in cash, on November 15, 1997.

Buyer will pay to the Company in exchange for the Shares and the Additional Assets of Polk Memorial Gardens Corp., free and clear of liens and encumbrances, the sum of $2,800,000.00, payable in cash, on November 15, 1997.

** THE CASH PRICE OFFERED ABOVE CONTEMPLATES THAT ALL OF THE OUTSTANDING OBLIGATIONS OF THE COMPANY WILL BE SATISFIED OUT OF THOSE PROCEEDS, AND THAT THE NET PROCEEDS OF SUCH CASH CONSIDERATION, <u>AFTER</u> SETTLEMENT OF ALL CORPORATE DEBT AND OTHER CORPORATE OBLIGATIONS, AND ALL PERSONAL OBLIGATIONS INCURRED BY C. ALAN BLEVINS <u>AND/OR</u> JOANELLE KAY BLEVINS FOR THE BENEFIT OF THE COMPANY ("NET CASH PROCEEDS"), SHALL BE DIVIDED BETWEEN CHESTER ALAN BLEVINS AND JOANELLE KAY BLEVINS, CURRENTLY THE ONLY SHAREHOLDERS OF THE COMPANY, AS FOLLOWS:

A) <u>Chester Alan Blevins</u> - 51% of Net Cash Proceeds paid for Williams Funeral Home, Inc., and 50% of Net Cash Proceeds payable for Polk Memorial Gardens Corp.

4

B) <u>Joanelle Kay Blevins</u> - 49% of Net Cash Proceeds payable for Williams Funeral Home, Inc., and 50% of Net Cash Proceeds payable for Polk Memorial Gardens Corp.

Mr. Blevins objected to many of the conditions, but most strenuously to the non-compete provision, and rejected her proposal. He thereupon submitted a counter-proposal. Whereupon Mrs. Blevins filed a motion for <u>"CONSTRUCTION AND SPECIFIC ENFORCEMENT OF 'AGREED ORDER OF SETTLEMENT', OR, IN THE ALTERNATIVE, FOR VACATION OF 'AGREED ORDER OF SETTLEMENT'"</u>

The Trial Court found that neither the proposal of Mrs. Blevins nor the counter-proposal of Mr. Blevins was in accordance with the agreement they had made and suggested that Mrs. Blevins make "a no strings attached" proposal to Mr. Blevins, which contained none of the conditions Mr. Blevins objected to, but only a figure for him to consider.

Mrs. Blevins thereafter delivered another proposal to purchase, which reduced the figure to buy to the sum of $2,000,000. See Appendix B. This proposal also contained the offending non-compete agreement.[1]

At a subsequent hearing, the Trial Court found that Mrs. Blevins' proposal in effect was one for one $1,600,000. The Chancellor arrived at this figure by deducting from the

---

[1]    It should be emphasized that the second offer specifically provided that it would be "<u>void</u> without Mrs. Blevins' acceptance of an agreement not to compete." (Emphasis in original.)

$2,000,000 offer the $400,000 which was allocated to the non-compete agreement. He also found that Mr. Blevins was entitled to specific performance of the agreement as modified, and ordered all the assets of the parties encompassed thereby to be transferred to Mr. Blevins upon payment of the $1,600,000.

Mrs. Blevins appeals, raising the following issues:

1. Can an agreement setting forth a procedure for arriving at a price for the sale of interests in a funeral home and cemetery be construed as unambiguously excluding the sale of the good will of the businesses, protected by covenants not to compete, given that the "assets" to be conveyed were not specially described in the agreement?

2. Did the trial court have jurisdiction to determine whether a sales contract had been made between the parties pursuant to the above agreement on simple motion of the parties to pending litigation, without benefit of pleadings asserting that a contract had been formed, and without a summary judgment hearing or a trial on the merits?

3. When the Defendant, at the Court's suggestion, made an offer to purchase the Plaintiff's interest in the above businesses for $2 million, the purchase to include the good will of the businesses, protected by a covenant not to compete, did the Court act properly in treating the offer as an offer to sell the Defendant's interest in the property to the Plaintiff for $1.6 million, without a covenant not to compete, and in extending the time for acceptance of the offer two days beyond its stated termination date? (Emphasis in original.)

Our review of the record persuades us that Mrs. Blevins is correct in her assertion that the Trial Court in effect rewrote Mrs. Blevins' proposal and then forced her to sell at the modified price.

6

We understand the Trial Court found the contract hereinbefore set out was unambiguous[2] and would not permit Mrs. Blevins to insist upon a non-compete clause, even though under the undisputed proof such clauses were standard in the cemetery and funeral home business.  In all deference to the Trial Judge, we do not believe that he had the authority to eliminate the non-compete clause from her proposal, reduce the sale price, and force her to sell at the reduced price.

It is true that notwithstanding the Trial Court's suggestion after the first proposal was made that Mrs. Blevins make a new unconditional proposal of only a specific figure, she did not do so.

We are of the opinion that her second offer, which was not in accordance with the contract or the Trial Court's suggestion, should be construed as no offer at all and that the memorial gardens stock should be sold at public auction in accordance with her right not to make a proposal.

For the foregoing reasons the judgment of the Trial Court is vacated and the cause remanded for further proceedings

---

[2]     Although it may very well be the contract was unambiguous, we suggest that it was incomplete, as pointed out in Mrs. Blevins' brief in that "it was not clear whether the parties contemplated a stock or an asset purchase; it was not clear whether the assets to be conveyed included good will, to be protected by a covenant not to compete; it was not clear whether the business would be conveyed subject to their existing debts."

not inconsistent with this opinion.  Costs of appeal are adjudged against Mr. Blevins.


_____
Houston M. Goddard, P.J.


CONCUR:


___(Not Participating)_____
Don T. McMurray, J.


_____
Samuel L. Lewis, Sp.J.

8